Galbreath v. Templeton.

ELIZABETH GALBREATH V. A. W. & D. M. TEMPLETON, ADM'RS.

Where the defendant in an action of trespass to try title, alleged a conveyance to
her by the plaintiff's intestate, by attorney in fact, in 1847, and that in 1850,
plaintiff's intestate, by said attorney in fact, because said conveyance of 1847
did not contain a covenant of general warranty, took up the same, and exe-
cuted another conveyance to defendant; and it appeared from the evidence
that plaintiff's intestate died in 1849; it was held that defendant should have
been permitted to prove the facts as alleged as to the first deed, by parol evi-
dence; and it being stated in the bill of exceptions that the objection to the
evidence was that defendant in her answer claimed under the deed of 1850, it
was held that such was not the proper construction of the answer, as it stated
all the facts.

Where the consideration of the cancellation of a deed is the execution of another,
and the latter proves from any cause to be void, equity will regard the first
deed as never having been cancelled.

In this case the Court revised the ruling of the Court below in the rejection of
evidence, on a bill of exceptions, although there was no statement of facts;
the evidence going to the whole defence.

Error from Caldwell. Tried below before the Hon. Thomas
H. DuVal.

Action of trespass to try title, commenced July 20th, 1854,
by Archibald W. Templeton and Drucilla M. Templeton, his
wife, as administrators of William P. Patterson, former husband
of the said Drucilla, against several defendants, among whom
was the plaintiff in error, to recover thirty-six acres of land,
part of the town tract of the town of Caldwell. The defendants
all claimed by deeds from the said William P. Patterson and
Drucilla M., by their attorney Isham J. Good, some by deeds
prior and some subsequent to April, 1849, at which time the
said William P. Patterson died. The jury found " for all of the
defendants who claimed under deeds executed by Good prior to
the month of April, 1849, the date of the death of W. P. Pat-
terson; and for plaintiffs in all cases in which defendants claimed
under deeds executed subsequent to the month of April, 1849."
On this verdict judgment was rendered for plaintiffs for lot No.
1 in block 42, included within said thirty-six acres. The other

Galbreath v. Templeton.

facts appear in the Opinion, except that the bill of exceptions read, that the objection to the parol evidence offered was sustained, " except as to defendant's paying the purchase money and going into possession of said lot."

*Chandler & Turner*, for plaintiff in error.

HEMPHILL, CH. J. The plaintiff in error, defendant below, insists in her brief on but one point, viz : the alleged error in rejecting the parol testimony offered to prove the execution by one of the plaintiffs and her intestate (by an authorized agent) of the deed of 1847 ; its surrender (on account of there being no covenants of warranty) to the same agent in 1850 ; and his execution, as agent, of another deed in lieu of the first. The objection to the evidence was sustained on the ground that the defendant claimed under the deed of 1850, and therefore could not be allowed to go behind that deed and show by parol that there was a prior deed executed for said lot, viz : lot 1, in block 42. Without comment on the law of this proposition, it will suffice to say that it does not appear from the pleadings (unless these are greatly misapprehended) that the plaintiff in error relied exclusively on the deed of 1850. She was sued for several lots besides this one of lot 1, in block 42 ; and in her answer she claimed to be the *legal* owner and to hold possession of said lots by virtue of deeds of conveyance from plaintiff's intestate and from Drucilla M. Templeton, one of the plaintiffs ; and among these deeds was one from the said plaintiff and her intestate, bearing date about July, 1847, for lot No. 1, in block 42 ; that she went into possession of said lot, under said deed, and continued in said possession up to the first of February, 1850 ; that the intestate, with the said Drucilla in connection with others, by their said agent and attorney, then took up their said first deed of conveyance for this lot, owing to the defect of there being no general warranty, and executed another conveyance to the defendant for the said lot, which said last deed was given for and in lieu of the first, and that she has continued in actual peaceable possession up to the present time.

From these averments it appears that the defendant claims under the whole transaction; under both deeds. If she claims under any one particularly it is under the deed of 1847, under which she declares that she entered and continued in peaceable

possession up to 1850, the time at which the second deed was made ; and then states that she has continued in possession ever since, without stating particularly under what deed. Is there any matter in these averments which would prevent her, on ascertaining by the evidence that the second deed was invalid (from the want of authority in the agent—one of the principals having died before the making of the second deed,) to set up her right to the lot under the first conveyance ? She avers the fact of such conveyance, and though she does not repudiate by averment the second deed and claim under the first, yet she shows why the second was made; and if it turned out by the evidence that the second was void—was in fact no deed—she cannot be debarred by her averments from claiming and holding under the first, under which she alleges that she did claim, and went into possession. If the authority of the agent had continued up to the execution of the deed of 1850, it is questionable whether the latter deed would have operated to destroy or impair the first, or rather the estate and rights thereby conveyed. It is a general principle of law, that the destruction or loss of a deed or its redelivery to the grantor does not divest the legal title of the grantee or revest it in the grantor. (8 Cowen, 75 ; Co. Litt. 225[b] (note 136 ;) 9 Mass. 307 ; 10 Pick. 105 ; 4 Wend. 475— 585.) There are exceptions to this rule even at Common Law, and it may be defeated by considerations or claims of equity; but in this case the equity is with the grantee. If the law will scarcely suffer the estate on cancellation of a deed, to revest in the grantor, in order that he may substitute a more perfect deed, certainly the estate would not revest in him when his second deed is in fact no deed and conveys no title to the grantee. This would defeat the whole design and intent of the transaction, and would be an injustice which the law would not countenance or permit.

The testimony rejected was most important to the defendant. The jury, by their verdict, found for all the defendants who claimed under deeds executed by Good prior to April, 1849, the date of Patterson's death, and for the plaintiffs in all cases in which defendant claimed under deeds executed subsequent to the month of April, 1849.

There is no statement of facts, but the verdict shows that there could have been no evidence equivalent to that ruled out ; and that being excluded, and the defendant being required to rely exclusively on the deed of 1850, the verdict must have been,

as it was, for the plaintiffs. We are of opinion that the evidence was improperly excluded, and that if there be such conveyance as the alleged one of July, 1847, its force was not impaired, nor the estate conveyed by it defeated, by the attempted substitution of the deed of 1850.

The judgment as to the plaintiff in error is reversed and cause remanded for a new trial.

Reversed and remanded.