## Sam W. Bigham v. Talbot & Cropper.

1. Pleading—Jurisdiction.—When a petition alleges the residence of the defendant to be in a county different from that in which the suit is brought, and the suit is upon a written contract, which is silent as to the place where the contract is to be performed, and which is set forth as an exhibit, a general allegation in the petition, "that it was understood and agreed" that the money to be due on the contract was to be paid in the county where the suit was brought, will not be sufficient to authorize the court to exercise jurisdiction.
2. Jurisdiction—Pleading.—See statement of case for facts which, being pleaded, do not confer jurisdiction.
3. Evidence.—Evidence offered of an agreement not incorporated in the contemporaneous written contract, should be excluded.

Error from Comanche. Tried below before the Hon. J. R. Fleming.

Suit brought by Talbot & Cropper against Bigham, as defendant, in Comanche county, the petition alleging that the defendant was a resident of Coryell county, Texas.

The suit was to recover the value of services rendered by defendants in error for carrying the United States mail from Meridian to Camp Colorado, and that portion of a mail route which lies between Hamilton and Comanche, and liquidated damages against plaintiff in error for failure to comply with his undertakings in the contract.

Bigham was a sub-contractor himself on these routes. He sublet to W. H. Woodburn. Woodburn transferred the contract for a portion of the time to Overstreet & Bonner, and he transferred the remainder of the time to Overstreet & Talbot. Overstreet transferred his interest therein to Talbot

& Cropper, and on the 14th day of November, 1874, Woodburn gave an order to Talbot & Cropper on Bigham for all moneys due and to be due on the contract between them, which order was accepted by Bigham as to all amounts that might be due after September 30, 1874. These matters were set out at large in the petition, and copies of the contracts and agreements were made exhibits. Plaintiffs below asked judgment on amount of contract and liquidated damages for $1,000.

Bigham appeared and excepted specially to the petition, because it affirmatively showed he was not a resident of Comanche county, and that there was no contract to pay in Comanche county that would give jurisdiction to the court in that county over him.

He also filed a plea in abatement to the same effect, and pleaded a general demurrer, the general issue, payment, and a special plea that he was not liable to be sued, under the terms of the contract, until he had collected the money due on the mail contract, which he had not been able to do. The petition states, in general terms, that when the order of Woodburn on Bigham was accepted, it was understood and agreed that the money to be due was to be paid in Comanche, and that defendant contracted and agreed to pay it there.

The case was tried before the court without the intervention of a jury, on the issue of law as well as of fact, which resulted in a judgment against the plaintiff in error in the sum of $1,240.

The assignment by M. J. Overstreet to Talbot & Cropper, of the benefit of the contract between Woodburn and Overstreet & Talbot, was as follows, viz.:

"Mr. S. BIGHAM—*Dear Sir :* You will please pay to Cropper & Talbot all moneys due and will be on mail contract route from Camp Colorado to Meridian and from Hamilton to Comanche up to July, 1875. This, 14th of November, 1874.

Yours truly,  W. H. WOODBURN."

Which was accepted, as follows:

"I accept the within order for all amounts that may be due from and after the 30th of September, 1874. This, October 28, 1874.    Sam W. Bigham."

The above order and acceptance were alleged in the petition to be in writing, and set forth as exhibits.

J. D. Bonner, a witness for the plaintiffs, testified that he, the plaintiff Talbot, and M. J. Overstreet were present in the town of Comanche when the defendant Bigham wrote the acceptance of the above order; that there was some conversation as to where the money was to be paid, and defendant Bigham said he would have to come to Comanche anyhow to collect orders on the postmaster, and he would pay the money in Comanche; that he would be passing over the route from time to time to collect orders on the post-offices on the same, and it was witness' understanding that the money would be paid in Comanche. Witness could not recall the exact language used. Talbot, one of the plaintiffs below, testified, in reference to the place of payment, that he asked defendant Bigham where the money would be paid; to which defendant replied, he would pay it at Comanche, as he would be passing over the route to collect orders on the post-offices on the same. The deposition of M. J. Overstreet was taken for and read by the plaintiffs below, but it made no reference to the question as to the place of payment.

The defendant below (Bigham) testified that, in the conversation referred to by witness Bonner, he did not promise to pay any money or perform said contract in Comanche county; that neither at the time of making the contract with Woodburn nor the acceptance of the order of Woodburn to pay Talbot & Cropper, nor at any other time, did he make any contract, promise, or agreement to pay the money at any other place than at the county of Coryell, where defendant and Woodburn resided, and that he had not been asked, nor had he promised, to pay it in Comanche.

*Walton, Green & Hill,* for plaintiff in error.—There was no ground alleged or proved by the defendants in error to authorize the suit against the plaintiff in error in the county of Comanche, and the court should have given judgment dismissing said cause for want of jurisdiction. (Hunt *v.* White, 24 Tex., 651; Self *v.* King, 28 Tex., 553, 554; 1 Greenl. Ev., secs. 275, 303; Hunt *v.* Bratt, 23 Iowa, 171.)

[No briefs for defendants in error have reached reporters.]

BONNER, ASSOCIATE JUSTICE.—The appellant, Samuel W. Bigham, who was a resident citizen of Coryell county, was sued by the appellees, Talbot & Cropper, in the District Court of Comanche county. He demurred to the jurisdiction of that court, because the petition did not state affirmatively such facts as would give it jurisdiction over his person.

Although there were some general allegations in the petition which, abstractly considered, would have given the court jurisdiction, yet the pleadings, taken as a whole, in connection with the exhibits, made a part thereof, did not present such a case as, over the objection of the defendant, authorized the court to take jurisdiction over his person, and, in our opinion, there was error in the judgment overruling the demurrer. (Paschal's Dig., art. 1423.)

The defendant also raised by plea in abatement the same question presented by the demurrer.

The testimony offered to prove a promise on the part of the defendant to pay the indebtedness sued upon in the county of Comanche was objectionable, under that familiar rule of evidence which requires that all contemporaneous agreements should have been incorporated into the written contract. This objection seems, however, not to have been taken at the time.

As presented by the record, this promise was not clearly shown by the testimony, nor does it seem to have been made upon a sufficient consideration, not having been embraced in

the terms of the written contract; and, in connection with the action of the court upon the demurrer, we think the record shows such error as requires that the judgment below should be reversed and the cause remanded.

REVERSED AND REMANDED.