## GUARANTEE LIFE INS. CO. v. DAVIDSON et al. (No. 255–3462.)

(Commission of Appeals of Texas, Section A. Nov. 30, 1921.)

1. Evidence ⬅397(2) — Written contract importing completeness is expression of final agreement.

A contract reduced to writing, which imports on its face to be a complete expression of the whole agreement, without uncertainty or ambiguity, must be taken as expressing the final views of the parties, as well as the full consummation of their undertaking.

2. Evidence ⬅397(2)—Written contract complete on face cannot be added to by parol.

The parol evidence rule forbids adding to a written contract which does upon its face rebut the presumption that it is complete, as well as varying the terms of the contract as written.

3. Evidence ⬅442(1) — Note held complete so as to exclude contemporaneous parol agreement.

A note, promising to pay a stated sum of money on a fixed date, with interest at a specified rate, is complete on its face, and, in the absence of fraud, accident, or mistake, parol evidence is inadmissible to show a contemporaneous oral agreement that, in the event of the payment of the note or sale of the property securing it before maturity, there should be a rebate of the interest.

4. Evidence ⬅441(11)—Parol agreement for rebate of interest held to vary absolute note.

Where a note contained an unqualified promise to pay a stipulated amount at a stated time with a condition permitting payment before maturity on giving 90 days' notice, a parol agreement that if the note was paid before maturity a rebate on interest would be granted varied the original terms of the instrument, and did not merely add an additional term to it.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by J. W. Davidson and others against the Guarantee Life Insurance Company and another. Judgment for defendants on demurrer to the petition was reversed by the Circuit Court of Appeals (220 S. W. 582), and defendant Guarantee Life Insurance Company brings error. Reversed, and judgment of the district court affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hutcheson, Bryan & Dyess, of Houston, for plaintiff in error.

Ryan & Matlock and Ben H. Kelly, all of San Antonio, and Cooper & Merrill, of Houston, for defendants in error.

SPENCER, P. J. Defendants in error, Davidson and Lard, instituted this suit against plaintiff in error, Guarantee Life Insurance Company of Houston, and its successor, Farmer's Life of Denver, Colorado, to recover the sum of $5,155.65, with interest thereon from December 12, 1912.

The substance of defendants in error's allegations is that on August 30, 1911, they owned approximately 26,000 acres of land, against which there were outstanding liens amounting to $81,665.74, and with a view of discharging this indebtedness and paying the expenses incidental to the loan they borrowed from the Guarantee Life Insurance Company the sum of $90,000, evidenced by their note for the amount to run for a period of five years, bearing interest at the rate of 8 per cent. per annum from date, which note was secured by deed of trust upon the land in question.

That on April 25, 1912, at the request and solely for the accommodation of the Guarantee Life Insurance Company, to enable it to make its surplus account show $6,925 in assets, they executed and delivered to the Guarantee Life Insurance Company, in lieu of the first note, a note for $96,925, dated back to September 1, 1911, due five years from date, with interest at the rate of 6 per cent. per annum, at the same time executing and delivering a deed of trust upon the land to secure the payment of the note.

That the sum of $6,925 was added to the second note to cover the difference between interest at 8 per cent. and 6 per cent. on the $90,000 for the full term of five years, and that it was agreed at the time of delivery of the second note that, if the land was sold or the note paid prior to its maturity, the insurance company would account to them for whatever amount of the $6,925 had not been exhausted in the payment of the $90,000 note at 8 per cent. from September 1, 1911, to the date of such sale in the event that the land was sold.

That on the 11th day of December, 1912, with the consent of the insurance company, they sold the land to the Continental Trust Company, and conveyed the same to Lee C. Ayars, who assumed the payment of the $96,925 note; the interest on the note having been fully paid to and including September 1, 1912. That at the date of the sale, the sum of $1,769.30 of the $6,925 had been consumed in the payment of interest, leaving a balance of $5,155.61.

That it was not intended that the note for $96,925 and the deed of trust upon the described lands securing the payment of same were to be the entire agreement of the parties, but were only intended as evidence of indebtedness, and that the agreement with reference to the rebate of interest was, at the request of the insurance company, intentionally omitted from the writing and left to rest in parol.

Plaintiffs in error urged a general demurrer to the cause of action, and resisted the introduction of the evidence in support of the pleadings upon the ground that the effect would be to vary the terms of the written contract between the parties. The court sustained the general demurrer, and upon appeal the majority of the Court of Civil Appeals for the First District held that as neither the note nor deed of trust made any provision with reference to the right of defendants in error in the event the note was paid before maturity, or the entire tract of land was sold before the note matured, the oral agreement declared upon could not be said to vary, add to, or contradict the terms of the written instrument. Mr. Chief Justice Pleasants dissented from this holding. 220 S. W. 582.

[1] A contract which has been reduced to writing, and imports on its face a complete expression of the whole agreement, without any uncertainty or ambiguity as to the object and extent of the engagement, must be taken as expressing the final views of the parties, as well as the full consummation of their undertaking. Milliken v. Callahan Co., 69 Tex. 205, 6 S. W. 681.

[2] In the absence of fraud, accident, or mistake, parol evidence is inadmissible to vary, alter, or add to the terms of a written contract, clear in its terms, unless upon its face it in some manner rebuts the presumption that it is complete. This rule forbids the adding by parol where the writing is silent, as well as to vary where it speaks. Castro v. Illies, 13 Tex. 229; G., C. & S. F. Ry. Co. v. Jones, 82 Tex. 156, 17 S. W. 534; Sanborn v. Murphy, 86 Tex. 437, 25 S. W. 610.

[3] The instrument before us, upon which it is sought to ingraft a contemporaneous parol agreement, is clear in its terms, and of itself in no way rebuts the presumption of its completeness. There is no allegation of fraud, accident, or mistake in the consummation of the agreement, but, on the other hand, it is distinctly charged that the parol agreement was intentionally omitted. On this point the holding in Sanborn v. Murphy, supra, is decisive. It is there said:

"The fourth ground is intended to question the correctness of the judgment of the Court of Civil Appeals upon appellant's third assignment of error, which complains of the ruling of the district court in sustaining exceptions to that part of plaintiff's third supplemental petition which set up contemporaneous parol agreements not embraced in the written contract. It is not claimed that the matter set up was omitted by mistake, but, on the contrary, it is distinctly alleged that it was intentionally omitted

from the writing. The exception was properly sustained."

[4] But more than this the effect of the proffered testimony is to ingraft a contemporaneus parol agreement upon the written contract which varies the terms of the contract. The note contains an unqualified promise on the part of defendants in error to pay a stipulated amount at a stated time, with the condition that after the payment of a year's interest, and by giving the Guarantee Life Insurance Company 90 days' notice in writing of their intention to do so, they might pay off the note at any time before maturity. To enforce the parol agreement would be to qualify the unconditional promise to pay a stipulated amount by reducing it, and in this manner vary the original condition. This, of course, is not permissible. Ablowich v. Greenville National Bank, 22 Tex. Civ. App. 272, 54 S. W. 794. The trial court properly sustained the general demurrer.

We recommend, therefore, that the judgment of the Court of Civil Appeals be reversed, and that of the District Court affirmed.

GREENWOOD and PIERSON, JJ. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.