### RANDOLPH et ux. v. MACKECHNEY et al.
#### No. 12719.

Court of Civil Appeals of Texas. Fort Worth.

July 9, 1932.

Davenport & Crain, of Wichita Falls, for appellants.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellees.

DUNKLIN, J.

L. Mackechney and J. H. Mackechney, as parties of the first part, and Ned Randolph and his wife, Grace Randolph, as parties of the second part, entered into a contract in writing in which it was recited that parties of the first part were owners of 160 acres of land in Wichita county which they desired to have improved and operated as a turkey ranch and agreed to employ parties of the second part for that purpose; and that parties of the second part agreed to accept such employment, with the further agreement on the part of both parties that the contract should not be construed as constituting a partnership. Then follow stipulations to the effect that parties of the second part should have the exclusive use of the property, subject to the right of the owners to build a residence for their own occupation. The contract included, among others, the following provisions:

"During the term of this contract parties of the second part agree to devote their entire time and attention to the work herein provided for, giving to the same their best skill and efforts. * * *

"The property above referred to is now unimproved and it shall be at once improved at the expense of first parties and under the supervision of second parties."

Then follow specifications of the improvements, equipment, and stock to be placed on the property by the parties of the first part, including this provision: "Said N. Randolph shall supervise all of said construction work, and aid to the extent possible in carrying same on, but no contract for construction and no material, livestock or any of the other items enumerated shall be purchased except upon an order O. K.'d by one of first parties. This work shall be begun immediately after January 1, 1929, and shall be prosecuted with diligence to completion to the end that the enterprise be placed in active operation at the earliest date practicable."

Under the heading "Operation of Ranch," it is provided that Randolph and wife should operate the property for the purpose of raising and marketing turkeys, and raising feed for them and other animals on the premises. Under the heading "Compensation," the contract reads: "For their services parties of the second part shall receive as compensation the sum of $1200.00 per annum, payable in monthly installments of $100.00 each and the free use of the residence above provided for, and likewise the free use of such milk, poultry, eggs, vegetables and other things as may be raised upon the premises for their own consumption. In addition to this, they shall receive 25% of the net profits of the enterprise calculated as hereafter set forth, which profits shall be calculated on the basis of the

calendar year and as soon after the first of each year as practicable, payment thereof to be made at once."

Then follow provisions for estimating the net profits from the enterprise over and above operating expenses.

This suit was instituted by Randolph against L. Mackechney and J. H. Mackechney to recover $1,080 for services rendered by him for a period of 180 days in superintending the erection of improvements placed on the property, for which services it was alleged the defendants orally agreed to pay, in addition to the compensation stipulated in the written contract. But there were no allegations in the petition that the oral agreement was omitted from the written contract through fraud, accident, or mutual mistake.

The case was tried before a jury, who rendered a verdict in favor of the defendants in obedience to a peremptory instruction from the court; and the plaintiff has appealed from the judgment denying him a recovery.

■ Error has been assigned to the refusal of the court to permit the plaintiff to testify that at the time the written contract was entered into, defendant L. Mackechney orally agreed to pay the plaintiff Randolph reasonable compensation for his services in superintending the construction of the building on the turkey ranch, in addition to his compensation provided for in the written contract; that defendant further stated in that conversation that he could not embody that oral agreement in the written contract as he did not know how long it would take to erect and construct the buildings; and that by reason of that objection by the defendant, the oral agreement was not embodied in the written contract. Plaintiff offered to testify further that he had spent many years in studying the erection and construction of buildings and plans for raising turkeys and was well acquainted with the best methods of such construction; that he spent 180 days in superintending the construction of the buildings; and that his services in so doing were reasonably worth $6 a day. Defendants' objection to that testimony, on the ground that it would vary the terms of the written contract, was sustained by the trial judge.

There is no ambiguity in the provisions of the contract with reference to the services to be performed by the plaintiff and the compensation he was to receive therefor. And, manifestly, the testimony offered by the plaintiff to show the oral agreement would tend to vary the written contract and therefore its admission would violate the parole evidence rule.

We quote the following from 53 Corpus Juris, 927, § 39: "Where there is no fraud or mistake in the preparation of an instrument, and it appears that the party signing understood its language and purport, it cannot be reformed on the faith of a contemporaneous oral promise which was not kept." See, also, Guarantee Life Ins. Co. v. Davidson (Tex. Com. App.) 234 S. W. 883; Sanborn v. Murphy, 86 Tex. 437, 25 S. W. 610; Great Western Mfg. Co. v. Adams (C. C. A.) 176 F. 325, 327.

■ Authorities cited by appellant, such as San Antonio Machine & Supply Co. v. Allen (Tex. Civ. App.) 268 S. W. 532, are not in conflict with the authorities above cited. They do announce that if there be an ambiguity in the contract, parol testimony is admissible to explain the true agreement of the parties, but they expressly recognize the general rule that a written contract cannot be changed by testimony of a prior or contemporaneous parol agreement which varies or adds to the terms of the written agreement in the absence of an ambiguity in the written contract or fraud, accident, or mistake, which caused the oral agreement to be omitted therefrom.

No testimony was offered to sustain plaintiffs' further claim for part of the profits in the business before the contract was terminated by mutual consent of the parties; the only testimony offered being in support of the claim for personal services in superintending the erection of the buildings.

For the reasons stated, assignments of error presented to the exclusion of the testimony of plaintiffs as to the alleged oral agreement, and to the action of the court in instructing a verdict in favor of defendants, are overruled; and the judgment is affirmed.