## BAINS v. ROBERT & ST. JOHN MOTOR CO.
### No. 1277.

Court of Civil Appeals of Texas. Eastland.
May 25, 1934.

Rehearing Denied June 22, 1934.

Cox & Hayden, of Abilene, for appellant.

Smith & Eplen, of Abilene, for appellee.

LESLIE, Justice.

This is the second appeal of this case. This court's opinion on the first appeal is in 57 S.W.(2d) 872.

The Robert & St. John Motor Company instituted this suit against Nigle Bains to recover $238.38, evidenced by a promissory note executed and delivered to it by Bains, and to foreclose a chattel mortgage of even date with the note on an automobile and certain live stock. At the conclusion of the testimony, the court instructed a verdict in favor of the Motor Company. The defendant appeals.

Among other defenses, the defendant Bains specially alleged that "before" the note in suit was prepared by plaintiff and executed by himself, the understanding and agreement between himself and plaintiff was to the effect that the Motor Company would have the defendant's car duly insured against fire with loss payable clause to plaintiff as its interest might appear. That prior to the due date of the note, the car was destroyed by fire and that the plaintiff had failed and neglected to take out the insurance on the car, although the note embraced an amount sufficient to pay the premium on the insurance for one year's time. The defendant presented a cross-action based upon these facts in which he sought to recover $300, the value of the car, as damages resulting to him by reason of the Motor Company's breach of its contract to provide the insurance. Plaintiff denied that there was any such agreement.

Upon the trial, the defendant sought to introduce testimony to prove the allegations of its cross-action. The testimony will not be stated, and it will suffice to say that it sup-

**704**

ported the cross-action alleged. All this testimony was excluded by the trial court, and the controlling question presented is whether or not the trial court erred in this ruling.

The note and mortgage each referred to the other, and together they ·evidence the undertaking. As observed, the defendant Bains alleged that "before" he executed and delivered the note in suit "that the plaintiff then and there agreed with the defendant * *. * that plaintiff would have said defendant's car duly insured against fire in the sum of $300, loss clause payable to the plaintiff as its interest may appear." In that same connection he further alleged that following such agreement, plaintiff prepared the note in suit, and he executed it. Contemporaneously therewith, he executed the mortgage securing the note and the provisions thereof stipulated that "said mortgagor * * * covenants and agrees to keep said goods and chattels insured against loss * * * by fire * * * payable to said mortgagee as its interest may appear."

In a further provision of the mortgage, there is found the following additional stipulation: "And in case said mortgagor shall neglect or refuse to obtain said insurance * * * as aforesaid, the said mortgagee may at said mortgagee's option obtain such insurance * * * aforesaid, and all sums * * * thus expended are hereby secured by these presents, and shall be repayable with interest thereon upon demand from said mortgagor to said mortgagee and may be retained by said mortgagee from the proceeds of the sale of said goods and chattels herein authorized."

■ It is elementary that prior and contemporaneous negotiations and undertakings merge into the written contract. Belcher v. Mulhall & Scaling, 57 Tex. 17; Bigham v. Talbot, 51 Tex. 450; Austin v. Patton (Tex. Com. App.) 288 S. W. 182; C. A. Bryant Co. v. Hamlen Ind. School Dist., 118 Tex. 255, 14 S.W.(2d) 53 (4); 17 Tex. Jur., p. 794, § 354. In the absence of fraud, accident, or mistake, the court conclusively presumes that the writing contained the whole agreement.

■ It is obvious that the alleged parol provision for insurance conflicts with the written provision made therefor in the mortgage. Hence, evidence of the parol agreement is inadmissible since its effect would be to contradict, vary, or add to the terms of the written contract which is clear and unambiguous. Guarantee Life Ins. Co. v. Davidson (Tex. Com. App.) 234 S. W. 883; Coverdill v. Seymour, 94 Tex. 1, 57 S. W. 37; Leoloff v. Werner (Tex. Civ. App.) 7 S.W.(2d) 1095; Crooker v. National Phonograph Co. (Tex. Civ. App.) 135 S. W. 647; Gill v. Baird (Tex. Civ. App.) 32 S.W.(2d) 941; Cobb-Holman Lumber Co. v. Liechty (Tex. Com. App.) 41 S.W.(2d) 18; Johnson v. Johnson (Tex. Com. App.) 14 S.W.(2d) 805; 17 Tex. Jur. p. 791, § 352 et seq. The car was never insured, and, of course, was not kept insured, and yet the duty to keep it insured was placed on the mortgagor by the mortgage which he executed, notwithstanding said prior agreement.

The mortgagor not only "agrees to keep said goods insured," but, in another paragraph of the mortgage, makes comprehensive provision whereby the mortgagee, *at his option*, may obtain the insurance and be secured by this mortgage for the sum so expended, together with the interest thereon. These provisions provide that mortgagee may make demand payment for such sum advanced, and extend to him the right to reserve from the proceeds of the sale of the automobile sufficient funds to pay premiums and interest thereon.

A more direct conflict could hardly exist than that arising between the parol provision for insurance sought to be proved, and the written provision therefor evidenced by the mortgage. For the defendant to have had the benefit of the alleged parol provision for insurance agreed upon prior to the execution of the note and mortgage, he should have taken the conflicting written provision therefor out of the mortgage by allegations and proof that the insertion of the latter therein was due to fraud, accident, or mistake, and have obtained an affirmative finding thereon. No such allegations are made. Hence, there was no error in the court's exclusion of the parol testimony.

We do not have the question of the admissibility of parol testimony, where the consideration is contractual rather than recitative. Johnson v. Johnson, supra. The question discussed is controlling.

For the reasons assigned, the judgment of the trial court is affirmed.