NO. 07-02-0171-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 18, 2002

_____


THOMAS JAMES STERLING, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 4403; HONORABLE DAVID M. MCCOY, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

In this appeal, appellant Thomas James Sterling, Jr. challenges his conviction for felony grade driving while intoxicated and the resulting punishment of ten years confinement in the Institutional Division of the Department of Criminal Justice. In doing so, he presents five points of error for our consideration. In those points, he argues reversal

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

is required because: 1) the evidence was insufficient to sustain the conviction; 2 & 3) the trial court erred in admitting evidence of statements appellant made in response to custodial interrogation before being advised of his right to remain silent; 4) there was no evidence of the prior offenses used for enhancement; and 5) the trial court erred in admitting a probation order as evidence of a prior conviction for driving while intoxicated. Finding none of the points present reversible error, we affirm the judgment of the trial court.

To properly discuss appellant's points, it is necessary for us to briefly review the trial evidence. On September 13, 2001, about 1:00 a.m., State Trooper Jodie Tullos testified he observed appellant drive over a curb and back, and then onto a center median toward Tullos's patrol car. The trooper called for backup from the Childress police department and turned around to pull behind appellant's car. Tullos testified that appellant did not respond initially, but eventually stopped in the middle of the roadway. As Tullos got out of his car, appellant pulled away, making it necessary for Tullos to rush back to his car to use his air horn. Appellant then responded by stopping in the middle of the road.

The traffic stop was recorded by the video camera in Tullos's car. The recording was introduced into evidence and reveals several facts about which Tullos did not testify. The recording begins as Tullos turned to follow appellant. The recording did not begin in time to show appellant driving over a curb, but shows that Tullos activated his emergency signal lights when he was about two blocks behind appellant. The recording also shows that appellant's initial stop after Tullos turned on his emergency lights was at a stop sign.

The recording also shows that the second stop in the roadway was an immediate response to Tullos's use of the air horn as appellant was pulling off the road.

Tullos averred that he smelled alcohol when he walked up to appellant's car and asked him to get out and walk to the back of appellant's car. As appellant did so, Tullos continued to smell alcohol, which led Tullos to conclude the odor was coming from appellant. Tullos also said that appellant's eyes were bloodshot, "glazed over," and his speech was slurred.[2] Tullos also conducted the sobriety test known as horizontal gaze nystagmus (HGN). In conducting that test, the officer watches the movement of an individual's eyes as they track an object moving to the side of the individual's vision. Appellant failed to make any effort to track the object. When Tullos asked him if he had been drinking, appellant's response was, "well, I've had a little bit." Before he performed any other tests, appellant told the officer that he had hip surgery and that affected his ability to walk normally. Tullos then arrested appellant at the scene for driving while intoxicated and placed him in the patrol car. Appellant was taken to the Childress County Sheriff's Department where he was offered, but refused to take, a blood test.

The standards by which we measure the legal and factual sufficiency of the evidence to sustain a verdict are by now well established. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996). Suffice it to say, we must first determine if the evidence is legally

---

[2]The video recording did not contain any audio of Tullos's conversation with appellant.

3

sufficient, and if it is not, render an acquittal judgment. If the evidence is legally sufficient, we must then determine if it is factually sufficient measured by the standards explicated in *Clewis*. *Id.* at 134.

Thus, in determining appellant's legal sufficiency challenge here, we must view the evidence in a light most favorable to the prosecution and then determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

In reviewing the factual sufficiency of the evidence to support this verdict, the question we must decide is whether, on neutral review, the proof is so obviously weak as to undermine confidence in the jury's determination or, if the proof of guilt, even if adequate taken alone, is greatly outweighed by contrary proof. *King v. State*, 29 S.W.3d 556 (Tex. Crim.App. 2000). In making that decision, we must view all the evidence without the prism of in the light most favorable to the prosecution and we may only set the verdict aside if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis*, 922 S.W.2d at 129.

In mounting his sufficiency challenge, appellant merely refers to the standard of review set out in *King* and *Clewis* without relating any application of those standards to the facts in this case. Although this omission would support a finding that the point had been waived, in the interest of justice, we will address it.

The testimony of Trooper Tullos concerning the erratic driving he witnessed, the smell of alcohol on appellant and his failure to perform the field sobriety test as requested are legally sufficient to permit a rational factfinder to determine that appellant was impaired due to the use of alcohol. In reviewing the factual sufficiency of the evidence, there were some apparent inconsistencies between the events on the videotape and the trooper's testimony. However, the jury as the arbiter of the credibility of witnesses, heard both Tullos's testimony and watched the video recording. *See Vanderbilt v. State*, 629 S.W.2d 709, 716 (Tex.Crim.App. 1981). The jury's evident acceptance of Tullos's testimony was not so contrary to the overwhelming weight of the evidence as to justify a finding by this court that it was factually insufficient to sustain the verdict. *Clewis*, *supra*. Appellant's first point is overruled.

Appellant's second and third points assign error to the admission of statements made by him after he had been "placed in custody" but before he was advised of his constitutional and statutory rights not to make any statement. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 1979 & Supp. 2002). The statement in question was appellant's response to Tullos when he was asked if he had been drinking. His response was "a little bit."

Relying on *Jordy v. State*, 969 S.W.2d 528 (Tex.App.–Fort Worth 1998, no pet.), appellant argues he was in custody for the purposes of *Miranda* and Rule of Criminal

5

Procedure 38.22[3] when he was stopped by Tullos and asked to get out of his car. We disagree. Although the facts before the court in *Jordy* and those before us are somewhat similar, the application of the *rationale* in that case would require us to disregard the holdings in several other cases with facts that are more similar to those here.

In *Jordy*, the defendant was involved in an automobile collision. An officer spotted him on foot a short time after the collision. The officer twice asked him how much he had been drinking and, in response to the second query, Jordy replied, "a lot." Because the officer testified that he did not want Jordy to leave at that time, albeit with the comment that it was primarily because of a possible head injury, the Fort Worth court opined that Jordy's statement was the result of custodial interrogation. *Id.* at 531.

The determinative question presented in this issue is whether a person subjected to a routine traffic stop is "in custody" for *Miranda* purposes. That question has been directly addressed by the United States Supreme Court in *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). In that case, the Court analyzed the factors surrounding a traffic stop and found them to be distinctly different from other types of custodial interrogation. *Id.* In its discussion, the Court held that questions and statements made in the course of a valid traffic stop were not the result of custodial interrogation within the purview of *Miranda*. 486 U.S. at 438. Indeed, that holding was referred to and applied by the Fort Worth Court of Appeals in *Lewis v. State*, 72 S.W.2d 704 (Tex.App.–Fort Worth

_____

[3]Article 38.22 prescribes when a defendant's statement may be introduced into evidence.

6

2002, no pet.). In that case, an officer asked a driver who had been involved in an automobile collision for his license and insurance information and if he had had anything to drink. *Id.* at 706. Citing *Berkemer*, the court held the response was not the result of custodial interrogation. *Id*. at 713. *See also State v. Stevenson*, 958 S.W.2d 824, 829 (Tex.Crim.App. 1997). Finding these cases dispositive, we overrule appellant's second and third points of error.

In his fourth and fifth point contentions, appellant challenges the adequacy and admissibility of the evidence used to establish two prior convictions for driving while intoxicated. At trial, the State offered two exhibits as evidence of appellant's prior convictions. State's exhibit 4 was an October 31, 1995 judgment finding appellant guilty of driving while intoxicated based upon his plea of guilty. State's exhibit 6 was a "judgment revoking probation" dated June 19, 1990, which was granted after a conviction of the offense of "felony DWI" was committed on November 8, 1986. State's exhibit 7 was a 1986 judgment finding appellant guilty of "felony DWI" pursuant to a plea agreement and sentencing him to a five-year probated term. The State also called Tom Terry as an expert witness. Terry compared a print of appellant's trial fingerprints with those appearing in connection with the 1990 and 1995 judgments[4] and found the prints to be from the same person.

Again, appellant has failed to present authority supporting his argument that State's exhibits 6 and 7 were not admissible. Moreover, he has not argued or pointed to any

---

[4]The 1986 judgment packet did not contain a fingerprint card.

7

evidence that would tend to contradict the finding that he had twice previously been convicted of driving while intoxicated. Suffice it to say, the exhibits and expert testimony are legally and factually sufficient to support the trial court finding. We overrule appellant's fourth and fifth points.

In sum, all of appellant's points are overruled and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.