### ANDRUS v. CRYSTAL CITY.
#### (No. 58 I–4048.)

(Commission of Appeals of Texas, Section A. Oct. 29, 1924.)

**1. Municipal corporations ⬥859—Statute providing obligation to pay for electric plant shall be charge on plant held not repealed.**

Vernon's Complete Tex. St. 1920, arts. 772a–772c (Vernon's Sayles' Ann. Civ. St. 1914, arts. 772a–772c), providing that obligation to pay for electric and water systems shall not be obligation of municipality, but shall be solely charge on properties, does not prohibit municipality from purchasing such plants and paying for them by taxation, and was not repealed by Acts 37th Leg. (1921) c. 9 (Vernon's Ann. Civ. St. Supp. 1922, arts. 925, 925a, 881–882a), authorizing municipalities to levy taxes to pay for such plants.

**2. Municipal corporations ⬥868(2)—Purchase of electric light plant without providing for interest and sinking fund held void under constitution; "debt."**

Purchase of electric light plant by municipality to be paid for by warrants, maturing in part in future fiscal years, was attempt to create "debt," within Const. art. 11, §§ 5, 7, and failure to provide for taxes to pay interest and provide sinking fund makes transaction void.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

**3. Municipal corporations ⬥868(2)—No purchase by municipality which violates Constitution valid, though authorized by statute.**

No purchase of electric light plant by municipality, which violates Constitution as to creation of debts, can be valid though authorized by statute.

**4. Municipal corporations ⬥868(2)—Statute authorizing levy to pay for electric light plant contemplates compliance with Constitution.**

Acts 37th Leg. (1921) c. 9 (Vernon's Ann. Civ. St. Supp. 1922, arts. 925, 925a, 881–882a), authorizing cities to levy taxes to pay for water and electric light plants, etc., contemplates that such purchases shall be made in compliance with Const. art. 11, § 5, requiring provision for interest and sinking fund.

**5. Municipal corporations ⬥878—No part of illegal obligation of municipality collectible.**

Where municipality's indebtedness created by purchase of electric light plant violated Const. art. 11, § 5, part thereof payable within current year could not be collected.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Ed Andrus against the City of Crystal City. Judgment for defendant was affirmed by the Court of Civil Appeals (253 S. W. 557), and plaintiff brings error. Affirmed.

Old & Smith, of Uvalde, and Geo. C. Herman, of Batesville, for plaintiff in error.

Vandervoort & Johnson, of Corrizo Springs, for defendant in error.

BISHOP, J. The city of Crystal City, a municipal corporation, incorporated under the General Laws, and operating under a commission form of government, on the 26th day of March, 1921, entered into a written contract with Ed Andrus, plaintiff in error, whereby it was agreed to buy from said Andrus an electric light plant and a lot of land situated in said city. On the same day, Andrus executed to the city a bill of sale to the plant. He also executed a deed to the lot which was placed in escrow in a bank, to be delivered to the city when the consideration for the purchase was fully paid. It was agreed that the city should pay for said plant and lot the sum of $2,600, and should issue therefor its 26 warrants for the principal sum of $100 each, with 8 per cent. in-

---

terest per annum from date; "the first warrant to become due 60 days after its date, and the other succeeding warrants to fall due respectively each 30 days thereafter." It was also agreed that when as many as three warrants became due and unpaid all warrants should become due at the option of the holder. The city executed a chattel mortgage to Andrus on said plant to secure the payment of said warrants.

Thereafter on April 18th, the city executed its warrants Nos. 907 to 932, inclusive, as agreed, on its general fund, said first warrant No. 907 due on June 1, 1921, and each of the other remaining 25 warrants due on the first day of each consecutive month thereafter, respectively, making the last warrant No. 932 due on its face on July 1, 1923, making warrants Nos. 907 to 913, inclusive, due in the fiscal year of 1921, and warrants Nos. 914 to 925, inclusive, due in the fiscal year of 1922, and warrants Nos. 926 to 932, inclusive, due in the fiscal year of 1923, the fiscal year of said city beginning on January 1st and ending December 31st. When the contract was executed it was intended that the city should maintain and operate the plant and manufacture and sell electricity to the citizens. No provision was made for assessing and levying a tax to pay the indebtedness or the interest due thereon.

On April 22, 1921, there was a change in the personnel of the city commission, another mayor and other commissioners qualifying and assuming the duties and responsibilities of their respective offices. A few days thereafter on May 3, 1921, the city commissioners passed and entered on the minutes, an order attempting to repudiate said purchase, and notified Andrus of such repudiation, and tendered to him all of said property, which has not since been used by the city, but only held by it subject to Andrus' order.

Plaintiff in error sued the city for the 7 warrants due during the year 1921, praying for judgment for the amount of same with 8 per cent. interest from their date. The city answered by general denial and by special plea that said 7 warrants represented part of the consideration for the attempted sale of said electric light plant; that at the time of said attempted sale no part of the consideration was paid in cash; that no funds were in the immediate control of the city to pay said warrants; that it was not within the reasonable contemplation of the parties that all of the warrants executed in consideration of said purchase should or would be paid out of the current revenues for the year 1921, and that no provision was made for the payment of said warrants and the interest thereon; and that for these reasons said warrants were void. It further alleged that at the time of said attempted deal it was the intention of the parties to operate said light plant with machinery of its waterworks, and sell electricity, and with the proceeds so obtained pay said 26 warrants. It alleged the execution of the contract, bill of sale, deed, and mortgage, and that neither the warrants nor any of said instruments complied with articles 772a to 772f, inclusive, Vernon's Complete Texas Statutes, 1920 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 772a–772f) being General Laws 1911, p. 230. It also alleged the tender of said electric light plant to plaintiff in error. The plaintiff in error was denied recovery in the trial court, and appealed to the Court of Civil Appeals, where the judgment of the lower court was affirmed. 253 S. W. 557.

[1] Article 772a provides that such cities as the defendant in error—

"shall have power to mortgage and incumber any light systems or water systems, and the incomes thereof, and everything pertaining thereto, acquired or to be acquired, to secure the payment of funds to purchase same, * * * and as additional security therefor, by the terms of such incumbrance, may grant to the purchaser or purchasers under any sale or foreclosure thereunder a franchise to operate the systems and properties so purchased, for a term not over twenty years after such purchase, subject to all laws regulating same then in force."

Article 772b provides that, when the income of such systems shall be incumbered, all expenses of operation and maintenance shall be a first lien and charge against such income; that a sufficient rate shall be charged "to pay for all operating, maintenance, depreciation, replacement, betterment and interest charges, and for interest and sinking fund sufficient to pay * * * any outstanding indebtedness against" such systems, and that "no part of the income of any such system shall ever be used to pay any other debt, expense or obligation of such city or town, until the indebtedness so secured shall have been finally paid."

Article 772c:

"Every contract, bond or note issued or executed under this Act shall contain this clause: 'The holder hereof shall never have the right to demand payment of this obligation out of any funds raised or to be raised by taxation.' No such obligation shall ever be a debt of such city or town, but solely a charge upon the properties so incumbered, and shall never be reckoned in determining the power of such city or town to issue bonds for any purpose authorized by law."

Neither the warrants nor any of the other instruments executed in the attempted purchase of the light system contain the clause required by the above article. Plaintiff in error in his suit does not ask that the amount due him be established, and the incumbrance or lien on the electric light plant and the proceeds from its operation be foreclosed, but treats the obligation as a debt of the city, contrary to the provisions of this article, and prays for judgment for the amount of said

7 warrants, with 8 per cent. interest from date. It is clear that under the above article he is·not entitled to the relief he seeks. This he admits in his application for writ of error in the following language:

"We are frank to confess that if articles 772a and 772c, as pleaded by the appellee, were in force at the time of the making of the contract, and if they were originally valid (which however we contend they were not but void), that of course the plaintiff would have no cause of action under the facts, for the simple reason that it was an undisputed fact that neither the contract, nor the mortgage, nor the warrants sued upon contained the prohibitive words, 'as set out in articles 772a and 772c, but the question is, Were those articles in force at the time that the contract in question was made?"

He claims that these articles had been repealed by Acts Thirty-Seventh Legislature, c. 9, p. 12 (Vernon's Ann. Civ. St. Supp. 1922, arts. 925, 925a, 881–882a), which provides that the city council or governing body of such cities as defendant in error "may also levy, assess and collect such taxes as such city council or governing body may determine, not to exceed for any one year one and one-half per cent. of the taxable property of such city or town, for current expenses and ·for the purpose of construction or the purchase of public buildings, waterworks, sewers, and other permanent improvements, within the limits of such city or town," and expressly repeals all laws and parts of laws in conflict therewith. Plaintiff in error contends that articles 772a and 772c prohibit the payment for electric light plants out of funds raised by taxation, and that this act permits and authorizes taxation on the part of cities for the purpose of purchasing such plants. We cannot agree with this contention. Article 772c provides that when such plants are acquired under the provisions of 772a the obligation to pay therefor shall not "be a debt of such city or town, but solely a charge upon the properties so incumbered." While under these articles, obligations of the character mentioned therein may not be paid by funds raised by taxation, the article should not be construed to provide that such cities are prohibited from purchasing electric light plants and paying for them by taxation. There is therefore no such conflict as is claimed.

[2] Article 11, § 5, of our Constitution provides that:

"No debt shall ever be created by any city, unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and creating a sinking fund of at least two per cent. thereon."

And section 7 of that article provides that:

"No debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent. as a sinking fund."

In the sale of the light plant and land to the city it was arranged that part of the consideration to be paid therefor was to mature and be paid during the fiscal year, 1921, part during 1922, and the balance during 1923. It was not contemplated that the obligation created by this purchase and sale was to be discharged by payment from the revenues of the current year 1921, but it was clearly understood that part only of the consideration was to be paid during said current year, and the balance during the next two years following. This was clearly attempting to create a debt within the meaning of the Constitution, and, as no provision was made to assess and collect a tax sufficient to pay the interest and provide a sinking fund for the payment thereof, the transaction was void.

[3-5] No purchase authorized by a statute could be valid which violated the express provisions of the Constitution. The provision in the act of the Thirty-Seventh Legislature, authorizing the purchase of permanent improvements, contemplates that such purchases shall be made in compliance with, and not in violation of, the requirements of the Constitution. City of Terrell v. Dessaint, 71 Tex. 770, 9 S. W. 593. While it is true that at the time of the attempted purchase it was contemplated that the 7 warrants sued on should be paid out of the current revenues of 1921; these warrants evidenced only part of the illegal debt. The debt having been prohibited, no part of same could be collected, and plaintiff in error was not entitled to recover.

We therefore recommend that the judgments of the trial court and Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.