**D. V. BROOKS CO. v. KINNEY–SHOTTS INV. CO.***

**No. 12735.**

Court of Civil Appeals of Texas. Fort Worth. Jan. 21, 1933.

Rehearing Denied March 4, 1933.

George E. Miller, of Fort Worth, for appellant.

Dawson H. Davis and Homer B. Green, both of Fort Worth, for appellee.

LATTIMORE, Justice.

The motion for rehearing is granted, our former opinion is withdrawn, and the following substituted therefor:

Appellee filed three suits in the county court, each on a note which was secured by a mortgage on an automobile, three in all, the value of which were not alleged in the petition, but the value of each automobile was alleged in the three affidavits for sequestration filed in connection with the several suits. One note was signed by Mrs. Jennie Peoples, one by C. L. Lewis, both indorsed by appellant. These two notes aggregated $472 principal. The third note was for $472 principal, signed by appellant. Each note carried provision for 10 per cent. attorneys' fees.

On motion of appellee, the causes were consolidated, and thereupon appellee filed an amended petition, alleging again the three notes and mortgages, and that the $472 note by appellant was given for the purpose of securing the payment of the other two notes, "value of the property covered by chattel mortgages securing the payment of said notes," having "depreciated to such an extent that plaintiff was not amply secured in said notes," and prayed for judgment on the Peoples and West notes, aggregating $472, and interest and attorneys' fees and foreclosure of the liens on all three vehicles.

■ We feel that the consolidation of the three suits, which increased the total jurisdictional amount beyond the maximum jurisdiction of the county court, did not deprive the county judge of authority to permit an amendment to be filed which showed that the amount of the debt in fact never was more than $472 and 10 per cent. attorneys' fees.

This is not a case where the plaintiff re-

duces arbitrarily his demand, but rather shows that he never did have, nor believed he had, a claim for more than $1,000. McDannell v. Cherry, 64 Tex. 177. These facts distinguish this from the case where a plaintiff shows a cause of action for more but merely prays for less. Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294.

■ It is now settled that, in case where the plaintiff seeks a foreclosure on the whole of the security, as distinguished from certain statutory liens where the foreclosure is only on so much of the security as is necessary, the allegation of the value of the security is jurisdictional. Whatever confusion may have resulted from Cantrell v. Cawyer (Tex. Civ. App.) 162 S. W. 919, and cases following it, by the third appellate district, is now obviated, for that court as now constituted has approved the above rule. Leifeste v. Stokes (Tex. Civ. App.) 45 S.W.(2d) 1006. Our further reasoning on this issue is fully set out in the opinion of Associate Justice Dunklin in D. V. Brooks Co. v. Mrs. Joe A. Vera et al., 58 S.W.(2d) 1061, this day decided.

■ The mortgage given by Brooks as additional security and pleaded by appellee was in writing and imports a consideration. Appellant filed a proper plea of want of consideration. The testimony on this subject is substantially the same as the pleading above set out; i. e., there is no express statement by any witness that an extension of time was or was not given. The burden of proof was on appellant to show that no extension of time was granted or other consideration. This we think he failed to do. The giving of the ninety-day note for $472 by appellant, its acceptance by appellee, is evidence that appellant sought and appellee gave such extension, and such evidence is not extinguished by the testimony or pleading of Kinney as to additional security. If such extension was agreed to, either by word or conduct, it is valuable consideration for the mortgage.

Reversed and remanded.