## ROBERT & ST. JOHN MOTOR CO. v. BAINS.

### No. 1077.

Court of Civil Appeals of Texas. Eastland.

Feb. 24, 1933.

Frank E. Smith, of Abilene, for appellant.

Cox & Hayden, of Abilene, for appellee.

HICKMAN, Chief Justice.

Appellant filed this suit against appellee upon a promissory note for the principal sum of $238.38, and for the foreclosure of a chattel mortgage on an automobile and five head of cattle. In his answer, appellee set up a cross-action against appellant for damages for breach of contract based upon allegations that $9 of the principal of said note was for insurance which appellant was to procure on the automobile covered by the mortgage under an agreement entered into between appellant and appellee at the time said note was executed; it being alleged that appellant agreed to have said car insured for $300, with loss clause payable to itself, and that, had it not breached that agreement, appellee would have collected $250 from the insurance company when the automobile was damaged by fire. The note was executed in renewal of a prior note, and about four months before its execution appellant had procured a policy of insurance for a period of one year from the date of its issuance. It was the contention of appellant that $9.10 was added to the face of the note to reimburse it for the premium paid for the policy theretofore issued and then in effect. Appellee's contention was that $9 was added for the payment of a premium from the date of the renewal note for a period of one year. The car was damaged by fire within one year of the date of the renewal note, but after the expiration of the policy issued about four months before the date of the renewal note. A jury was demanded, and, in answer to special issues, made the following fact findings: (1) Appellant, through its agent, agreed with appellee, in consideration of a $9 charge, to insure the defendant's car for a period of one year in the future from the date of the execution of the renewal note; (2) the reasonable market value of appellee's automobile immediately before the fire was $250; (3) its value immediately after the fire was $11.62.

Upon these findings of fact, judgment was rendered in favor of appellant upon the note and for a foreclosure of its mortgage lien, and judgment rendered in favor of appellee against appellant for $238.38, the difference between the value of the automobile immediately before and after the fire. From this judgment appellant, who was plaintiff below, has perfected an appeal to this court.

■ The first question for determination arises from appellee's motion to strike appellant's brief. We do not think it would be profitable to discuss this motion, for, as we interpret the acts of the 42d Legislature, c. 45, p. 68 (Vernon's Ann. Civ. St. arts. 1757, 1846), we have no authority to dismiss a brief which complies with the standard there set up, notwithstanding the brief does not comply with the rules of court for briefing. The motion to strike is overruled.

■ The question is properly presented that there was no evidence to support appellee's cross-action, in that there was no testimony that appellant agreed to procure insurance against loss or damage by fire. An examination of the record discloses that nowhere is it alleged or proved what character of insurance appellant agreed to procure. We cannot assume that the insurance agreed upon was protection against loss or damage by fire. The burden was upon appellee to establish that fact, and that burden was not discharged by allegations and testimony

merely that appellant agreed to procure insurance.

█ The court did not submit to the jury the issue of whether or not appellant agreed to procure insurance on appellee's car, but instead submitted the issue whether or not appellant agreed "to insure" appellee's car. An objection to this issue was timely filed on the ground that same was not supported by the evidence and pleadings. A contract to procure insurance is not the same as a contract to insure. We sustain the assignment presenting this question.

█ There was presented an issue of fact as to what amount of insurance, if any at all, appellant could have procured from an insurance company on the automobile on the date the renewal note was executed. No issue on that question was submitted to the jury or requested by appellee. The judgment rests alone upon findings of the value of the automobile immediately before and after the fire. There is no finding that appellee could have recovered that amount under any insurance policy which could have been procured. If appellee was entitled to any damage against appellant, that damage was the amount which he would have received from an insurance company had a new policy of insurance been procured by appellant on the date the renewal note was executed. Mere findings of the difference in the value of the car before and after the fire are not sufficient to establish the damages suffered by appellee.

Reversed and remanded.