### CLEMENT v. SCOTT et al.

No. 4306.

Court of Civil Appeals of Texas. Texarkana.

May 1, 1933.

Rehearing Denied May 11, 1933.

W. L. Willie, of Paris, for appellant.

Dohoney, Beauchamp & Lawrence and Braswell & Perfect, all of Paris, for appellees.

JOHNSON, Chief Justice.

November 22, 1928, appellee John W. Scott loaned appellant, Mrs. Mae N. Clement, a feme sole, $6,000. Evidencing her secured promise to pay off and discharge the obligation so created, with interest at the rate of 8 per cent. per annum, payable semiannually, she executed and delivered to Mr. Scott her personal note for $6,000, ten semiannual interest coupon notes, each for $240, and a deed of trust on certain real estate situated in Lamar county. After default in the payment of the second and certain subsequent interest installments, John W. Scott filed this suit on January 27, 1932, in the district court of Lamar county, seeking to recover, and upon trial to the court on February 14, 1932, did recover judgment for the principal debt, accrued interest, attorney's fees, and certain amounts paid out by him under the terms of the deed of trust for taxes and insurance premiums on the property, together with fore-closure of the deed of trust. From this judgment appellant has appealed to this court, and assigns as error the action of the trial court in refusing to sustain her plea of usury. We quote the provisions of the instruments necessary to a consideration of this assignment:

"Principal Note..................$6,000.00

"It is expressly agreed by the maker of this note, that in case of default in the payment of any one of the said interest notes, or any part of either, as they shall become due and payable, or in case of failure to comply with any of the agreements and conditions set forth in the deed of trust given to secure these notes, then in such case the principal sum expressed in this note with all accrued interest, shall at the option of the legal holder or holders thereof, at once become due and payable without notice."

"Coupon Interest Note...........$240.00

"If default be made in payment of this note at maturity, or any part thereof, the entire loan mentioned below shall, at the option of the legal holder thereof, become due and payable at once without notice. This note is given for the interest due at maturity hereof on a loan of $6,000.00, secured by a deed of trust lien on real estate of even date herewith, situated in Lamar County, Texas."

In that paragraph of the deed of trust providing for the distribution of the proceeds of the sale of the property by the trustee is found the clause, set in parentheses, upon which appellant relies to hold the contract as providing for the acceleration and payment of unaccrued interest notes, which paragraph is as follows: "And after such sale, to make the purchaser or purchasers here-under good and sufficient deeds in the name of the grantors herein, conveying the property so sold to the purchasers in fee simple, with general warranty of title, and to receive the proceeds of said sale and to apply the same as follows: First, the payment of all necessary costs and expenses incident to the execution of said trusts, including a fee to the trustee of five per cent. to be estimated upon the amount realized at said sale. Second, to the payment ratable of said note then unpaid, principal, and accrued interest (it being understood that when default shall be made in the payment of any of said note, or any installment of interest on said note or a failure to pay any State, County or City taxes assessed upon said property, after the same by law becomes delinquent, all the others shall become at once due and payable at the option of the holder or holders thereof). Third, the remainder, if any, shall after the payment of all said costs and expenses, and the principal and interest of said notes, shall be paid to Mae Newton Clement the said grantor or to her heirs, assigns or legal representatives."

The rule is well established that, where the contract provides for the acceleration and payment of unaccrued interest notes or coupons on contingency of default in the payment of interest due, or on failure to discharge covenants, it is usury if the amount exceeds the highest conventional rate, 10 per cent. Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 284, 39 S.W.(2d) 11; Commerce Trust Co. v. Best (Tex. Civ. App.) 54 S.W.(2d) 1037. And the reference clause, set out in parentheses in that paragraph of the deed of trust above quoted following the second provision for distribution of the proceeds of sale under the deed of trust, and being the clause relied upon by appellant to have the contract construed as providing for usurious interest, is susceptible of that construction if read alone, and not taken in connection with other provisions of the deed of trust, nor in connection with all the instruments evidencing the entire agreement between the parties. But such course would do violence to the well-established rules for the construction of contracts. "All written instruments whereby a single transaction is consummated are to be taken and construed together. So, instruments executed at the same time or contemporaneously, or for the same purpose, and in the course of the same transaction, are to be construed as one instrument, and are to be read and construed together." 10 Tex. Jur. § 166. . And, if there be inconsistencies and conflicts, they should be construed together so as to give effect to the intention of the parties as collected from the whole contract. Harrison Bldg. & Loan Co. v. B. F. Dittmar Co. (Tex. Civ. App.) 4 S.W.(2d) 1038. And one provision in a contract should not be taken alone and a presumption raised upon it at variance with the other provisions of the contract. Fink v. Brown (Tex. Com. App.) 215 S. W. 846. Especially so of a reference clause where such presumption would be in conflict with the expressed intention of the parties stated in the contract on the same subject-matter. That construction invalidating the contract will not be favored when its terms are as fairly susceptible of evidencing a legal purpose. 10 Tex. Jur. § 181.

█ With these rules in mind, we find the clause relied upon by appellant contained only in the paragraph of the deed of trust providing for the distribution of the proceeds of the sale of the property by the trustee, and, further, that to give it the effect contended for by appellant is repugnant to the particular provision or section of the deed of trust which it follows; which section provides that such distribution of the proceeds of such sale shall be made to the payment of the "principal and accrued interest"; and we do not find any provision in the deed of trust authorizing the application of the proceeds of such sale by the trustee to the payment or satisfaction of the unaccrued interest notes, should the clause relied upon by appellant be construed to have authorized the holder to declare them due and payable. And, when we look to the principal note and to the interest coupon notes, wherein is contained the promise to pay the debt and interest, we find that the acceleration, or right to declare due and payable before maturity, is stated, and expressly applies only to the principal note and accrued interest. So we find that all doubt, if any, as to the intention of the parties as to what sum shall be collectible upon default, is removed when we read the provisions of the principal note, and interest coupon notes, with respect thereto; for no other meaning could be placed upon the language therein used than to say that the same provides for the acceleration of the due date of the principal and accrued interest at the option of the holder at any time after default in any one or more of the interest notes or failure to comply with the conditions named in the deed of trust. This construction is in accord with that part of the court's opinion constituting the holding in Dugan v. Lewis, 79 Tex. 246, 254, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332, which was approved in Shropshire v. Commerce Farm Credit Co., supra, and quoted as follows: "We do not think a correct construction of the contract will make a greater amount of interest due and collectible upon it than shall have accrued on the principal, calculated up to the date of collection at the rate named in the note, or, in other words, that any unearned interest comes within the proper meaning of the stipulation."

And so with the contract under consideration, as evidenced by the principal note, interest coupon notes, and deed of trust; the notes upon acceleration give the holder the right to collect no more than the principal debt and accrued interest; and the deed of trust upon sale by the trustee authorizes him to pay no more on the debt than the principal and accrued interest.

Appellant also makes complaint about the trial court's judgment in foreclosing a junior lien on the property, but this has become moot, since an amended transcript in the record shows that sale of the property has been made under the judgment and that it did not sell for enough to satisfy the senior lien of Scott.

Having duly considered each of appellant's assignments and finding no error, the judgment of the trial court is affirmed.