## SUN INS. OFFICE, Limited, v. DUNN.
### No. 1371.

Court of Civil Appeals of Texas. Eastland.
Jan. 25, 1935.

Cox & Hayden, of Abilene, for appellant.
M. Smith, of Hamlin, for appellee.

LESLIE, Justice.

Mrs. O. Dunn filed this suit in the justice's court of precinct No. 5, in Jones county, Tex., against P. E. Mayhew and Sun Insurance Office, Limited, appellant herein, to recover damages for injuries due to the negligence of Mayhew in transporting household furniture from Hamlin, Tex., to Ruidoso, N. M. The insurance company is alleged to have written for Mayhew some character of insurance policy protecting the shipper in event of damage. The justice's court trial resulted in a judgment in favor of the plaintiff, and the trial de novo in the county court likewise resulted in such a judgment against both defendants. The insurance company alone appeals.

■ By the first and second propositions the appellant contends that there is no evidence that the appellant carried liability insurance on the truck in which the furniture was hauled, and that the judgment is not supported by the evidence, in that there was no testimony that the insurance policy testified about, or alluded to, covered in any manner the particular loss sued for. These propositions must be sustained for the following reasons: In attempting to make out the case for plaintiff, and especially to show the liability of the insurance company, there was introduced "for the purpose of showing the existence of the policy of liability insurance" a plea in abatement filed in the suit by the attorneys for the Sun Insurance Office, Limited. This instrument, after briefly stating what the plaintiff had "alleged in the citation in this cause which is the plaintiff's petition," asserted that plaintiff's pleading on its face "was insufficient to show any liability against this defendant," and then proceeds to allege that said policy of insurance, if any, was issued to the defendant Mayhew, and that it "contains no provision for the use and benefit of the plaintiff which would permit the plaintiff to sue on it in this cause." These allegations were of no probative value to the plaintiff and contained no admission of liability. To the same effect is that portion of the defendant's cross-action which was also introduced by the plaintiff for the same purpose. That pleading in the outset denied liability by the use of this language: "The said defendant Sun Insurance Office, Ltd., a corporation, specially denies that it insured the defendant P. E. Mayhew against said loss described in plaintiff's petition," etc.

■ The defendant P. E. Mayhew testified he hauled the furniture for the plaintiff. That he stated to Mrs. Dunn, "I carried an insurance policy which protected me." "I carried a policy of insurance with the Sun Insurance Office, Ltd. and the paper you now hand me is an exact copy of my policy with Sun Insurance Office, Ltd." This is the limit of the testimony tending to connect the insurance company with liability for the damages alleged. The policy of insurance, if any, was not introduced on the trial. Neither the original nor the copy referred to in the testimony is to be found in the statement of facts. The character of transportation conducted by Mayhew is not disclosed. It is not shown that he operated under either a permit or a certificate of public convenience. Article 911b, § 13, Vernon's Ann. Civ. St. If the insurance company carried any insurance that protected either Mayhew or the shipper, there is no evidence showing the nature of the protection and the terms of the insurance. In this respect the case is, in principle, like that disposed of by this court in the opinion in Robert & St. John Motor Co. v. Bains, 57 S. W.(2d) 872. The evidence is too meager to disclose whether the case presents the question of liability or indemnity insurance, discussed in the case of Pageway Coaches, Inc., v. Bransford (Tex. Civ. App.) 71 S.W.(2d) 561. The facts contained in the record are not sufficient to warrant any assumption as to the amount or character of insurance that Mayhew might have carried, if any.

■ The appellee in her brief undertakes to sustain the sufficiency of the evidence, to support the judgment by calling attention to the fact that the defendant, the insurance company, urged a general demurrer to plaintiff's petition, which was an admission of the facts alleged, and cites article 2002, note 14, Vernon's Ann. Civ. St. In other words, she relies on "admissions by demurrer or exception."

The appellee misconstrues the legal effect of a general demurrer. The demurrer called in question the legal sufficiency of the facts alleged to state a cause of action against the Sun Insurance Office, Limited. For such purpose it concedes the truth of what was alleged in the petition, but such concession is made only for the purpose of testing the legal sufficiency of the facts alleged to constitute a

cause of action, and, after the demurrer is overruled, the right always remains or is reserved, to the one urging the demurrer, to plead over and by general denial or otherwise put the plaintiff on proof of the facts alleged. The verity thus accorded the pleading by the urging of such a demurrer thereto does not extend to or become an admission of fact issues raised by the pleadings. Townes, Pleadings (2d Ed.) p. 372; 33 Tex. Jur. 552, § 119 et seq. The burden was still on the plaintiff to prove her case by competent evidence.

Various items of furniture and household goods were alleged to have been injured or destroyed in the transportation. The owner testified to the market value of some of these items, the value to her of others, and the reasonable cost of repairing some of them. The testimony fixing the amount of damages in the case of many articles is meager, and it is questionable in some instances whether the correct measure of damages was applied. However, since the judgment must be reversed for the reasons above discussed, and in view of another trial, the following authorities are cited as laying down the rules by which to be governed in proving the damages in such a case. The proof and measure of damages arising from the destruction or injury of secondhand household furniture is a rather troublesome question, but with the following authorities it is believed that no difficulty should arise upon another trial either in the matter of qualification of the witnesses to testify or the measure of damages to be applied: International-Great Northern R. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669; International & G. N. Ry. Co. v. Nicholson, 61 Tex. 550, 553; Sinclair v. Stanley, 64 Tex. 67; Pittman v. Ft. Worth Warehouse & Storage Co. (Tex. Civ. App.) 258 S. W. 1105; Atchison, T. & S. F. Ry. Co. v. Smythe, 55 Tex. Civ. App. 557, 119 S. W. 892; Wells, Fargo Express Co. v. Williams (Tex. Civ. App.) 71 S. W. 314; Blacke v. Nabarrette (Tex. Civ. App.) 281 S. W. 1087; Galveston H. & S. A. Ry. Co. v. Wallraven (Tex. Civ. App.) 160 S. W. 116; Schmoker v. French (Tex. Civ. App.) 7 S.W.(2d) 177; Campbell v. Johnson (Tex. Civ. App.) 284 S. W. 261 [3, 4–6]; Pecos & N. T. Ry. Co. v. Grundy (Tex. Civ. App.) 171 S. W. 318; 13 Tex. Jur. p. 146, §§ 62–68; 13 Tex. Jur. p. 158, §§ 71–72.

This court has discussed the measure of damages and the rules for proving same in two cases which throw light upon the question under consideration: Chicago Fire & Marine Ins. Co. v. Harkness (Tex. Civ. App.) 58 S.W.(2d) 1062; Taylor County v. Olds (Tex. Civ. App.) 67 S.W.(2d) 1102, 1103.

For the reasons first given above, the judgment of the trial court is reversed, and the cause remanded.