## STEADMAN CREDIT CO. v. WADE.

### No. 11781.

Court of Civil Appeals of Texas. Galveston.
June 6, 1946.

Rehearing Denied June 27, 1946.

On Second Motion for Rehearing July 18, 1946.

Further Rehearing Denied Aug. 1, 1946.

Fowler & Conn, of Houston, for appellant.

Robert L. Maddox and Allen, Smith & Neal, all of Houston, for appellee.

CODY, Justice.

On March 9, 1945, appellee purchased an automobile from a dealer, giving him in addition to the down payment a promissory note for $610.80 payable in 12 monthly instalments of $50.90. The note was given not only to cover the unpaid purchase price, but also to cover the cost of the premium on insurance on the automobile for one year against loss by fire, theft and collision. To secure the note appellee gave the dealer a chattel mortgage. Then on the same or the following day, the dealer transferred the note and mortgage to appellant. Appellant paid the insurance premium, amounting to $27.52, and obtained a policy which insured the automobile against loss by fire, theft, and collision for approximately the amount of the promissory note.

Effective April 18, 1945, the insurance company canceled the insurance by mailing a notice of cancelation properly stamped, sealed, and addressed to appellee, with copy thereof to appellant. On May 6, 1945, the insurance company mailed a check to appellant covering the refund of the unearned premium amounting to $24.58. Then, on June 9, 1945, after appellee had paid two instalment payments of $50.90 each, the automobile was damaged by collision to the extent of $326.59. Had the policy not been canceled the insurance which the insurance company would have had to pay would have been $301.59.

Appellee sued both the insurance company and appellant. The case was tried without a jury, and judgment rendered that appellee take nothing against the insurance company, but that he recover $301.59 against appellant. Only the part of the judgment awarding recovery from appellant has been appealed, and appellant urges as ground for reversing the judgment a single point, to-wit:

"Point 1. This case should be reversed because appellee wholly failed to establish a contract between the parties whereby appellant obligated itself to keep said automobile insured against the loss complained of."

We have concluded that appellant's point must be overruled.

In his pleadings appellee alleged that he had a contract with appellant, either express or implied in fact, under which appellant was required to insure, and as often as insurance might be canceled, to reinsure said automobile. In other words appellee based his right to recover from appellant upon an affirmative duty on the part of appellant, arising ex-contractu, to keep the automobile insured.

The express contract provision relating to insurance is contained in the mortgage. It reads: "Mortgagor, and not mortgagee, agrees to keep the above described property insured against loss by fire, theft and collision in an amount not less than the note described herein; for the benefit of both the mortgagor and mortgagee; said loss, if any, payable to mortgagee as its interest may appear; said policy to be delivered to mortgagee; failing in which the mortgagee may, at its option without demand or notice and without any obligation to do so, insure said property in any manner and for any amount, it desires and charge the premium therefor to the mortgagor, payment of which shall be secured by this mortgage and be due upon demand. Mortgagor further agrees that if any insurance company shall at any time and for any cause refuse to insure mortgagor's interest in the above described property, mortgagee shall not be liable to mortgagor in any amount for any loss or damage sustained by reason of such refusal." The quoted provision is clearly one for the benefit of the mortgagee, and imposes no affirmative duty on the mortgagee. Service Finance Corporation v. Brombaugh, Tex.Civ.App., 135 S.W.2d 503; Aeronautical Corp. v. Gossett, Tex. Civ.App., 117 S.W.2d 893; Robert & St. John Motor Co. v. Bains, Tex.Civ.App., 57 S.W.2d 872; and on appeal after a second trial, Tex.Civ.App., 72 S.W.2d 703. So, standing alone, the above quoted provision would establish that the mortgagee was not obligated to keep the mortgaged automobile insured.

The extension of instalment sale credit is controlled by regulations having the

force of law. Under Regulation "W" of the Board of Governors of the Federal Reserve System, adopted August 21, 1941, a purchaser on instalment sale credit is required to make a "Purchaser's Statement" on "Form 3–W." In compliance with such regulation appellee made the required statement. The statement asserted that the cash price of the property was $806.68, and that the down payment was $316.68, and that the difference between the down payment and the cash price was $490.00, and that the "Time price differential (including the cost of insurance)" was $120.80, making the total unpaid "time price balance" the sum of $610.80, which was payable in 12 monthly instalments of $50.90 each. The Purchaser's Statement, insofar as it was made in response to the requirement of a regulation having the force of law in controlling the terms of an instalment purchase, formed a part of the contract of purchase secured by the mortgage as completely as though it had been written into the mortgage. See Andrus v. Crystal City Co., Tex.Civ.App., 253 S.W. 557; Id., Tex.Com.App., 265 S.W. 550; Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 2d 265; Stanolind Oil & Gas Co. v. Terrell, Tex.Civ.App., 183 S.W. 2d 743, writ refused; 10 Tex.Jur. 316.

The mortgagee promptly took out the policy of insurance referred to and after it had been in force for less than two months, the insurance company canceled it under the following provision of the policy: "This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall be the end of the policy." A copy of such notice of cancellation was received by appellant, whereas appellee testified he never received the original.

■ The sale of the automobile, upon the extension of instalment credit, was consummated by three instruments: the Purchaser's Statement which was required in connection with the extension of credit, the instalment note, and the chattel mortgage. As pointed out above, the Purchaser's Statement must be treated as forming a part of the contract of purchase, and of course the note ties into the transaction, as does the chattel mortgage. "'All written instruments whereby a single transaction is consummated are to be taken and construed together. * * *'" 10 Tex.Jur. § 166, quoted with approval in Clement v. Scott, Tex.Civ.App., 60 S.W.2d 258, 260. The same case also held, "And, if there be inconsistencies and conflicts, they should be construed together so as to give effect to the intention of the parties as collected from the whole contract. Harrison Bldg. & Loan Co. v. B. F. Dittmar Co., Tex.Civ. App., 4 S.W.2d 1038" Id. 60 S.W.2d at page 260.

■ We are here only concerned with the obligation of the parties as to keeping the automobile insured. The note showed that appellee was obligated to pay appellant the sum of $610.80. The Purchaser's Statement showed that the note was given to cover the cost of insurance. The insurance provision of the mortgage provided that appellee should pay the cost of insurance out of pocket, failing to do which appellant might, under the security of the mortgage, but was not bound to, pay same. Thus there is a conflict and inconsistency between the insurance provision of the mortgage on the one hand, and the note and Purchaser's Statement on the other.

The parties themselves by their own construction reconciled the conflicts, and construed the intention of the parties to be that appellant should keep the automobile insured. With full knowledge that the note was given to cover the cost of the insurance appellant accepted it and promptly procured a fire, theft and collision policy, providing coverage in case of collision of $635 with $25 deductible. The cost paid therefor by appellant was $27.52. The construction which the parties themselves placed upon the agreement, the same being ambiguous because of the conflict, is entitled to great weight. 10 Tex.Jur., 171. The chattel mortgage was prepared by the mortgagee, and must be construed against it. Whittington v. Cameron Compress Co., Tex.Civ.App., 268 S.W. 216. We think

that the court was justified in concluding that the evidence established it was the intention of the parties, as evidenced by the aforesaid instruments construed together, and in the light of the acts of the parties, that appellant should procure insurance on the automobile against loss by collision in the amount actually procured.

■ The evidence does not disclose why the insurance company canceled the policy. It cannot be inferred from the bare fact that the insurance company canceled the insurance that appellee was not an acceptable insurance risk. No contention has been asserted by appellant that appellee was not an acceptable insurance risk. Appellant retained, though it did not cash, the check covering the unearned portion of the premium which was returned to it by the insurance company. The note covered the cost of insurance coverage for twelve months. The obligation of appellant to procure insurance coverage for twelve months was not discharged by procuring a policy which was canceled for no revealed cause in less than two months.

We have concluded that the judgment of the court presents no reversible error, and the judgment is affirmed.

Affirmed.

### On Appellant's Second Motion for Rehearing.

■ Regulation "W," referred to in our original opinion, was issued pursuant to Executive Order 8843, of August 9, 1941, 50 U.S.C.A.Appendix, § 5 note. Section 2(d), of said order provides:

"Neither this order nor any regulation issued thereunder shall affect the right of any person to enforce any contract, except that after the effective date of any such regulation every contract which is made in connection with any extension of credit, and which violates, or the performance of which would violate, any provision of such regulation (other than a provision desig-

nated therein as being for administrative purposes), and every lien, pledge, seller's interest, * * * subject to the provisions of such contract or created in connection therewith, shall be unenforceable by the person who extends such credit or by any person who acquires any right of such person in such contract; provided that such disability shall not apply to any person who extends such credit, or acquires such right for value, in good faith and without knowing or having reason to know the facts by reason of which the making or performance of such contract was or would be such a violation."

Section 14 of Regulation "W", styled "Enforcibility of Contracts", provides in effect that except as otherwise provided, its provisions are for administration purposes. The Purchasers Statement must therefore be taken as solely made for the convenience of the Board of Governors of the Federal Reserve System in administering the Regulation to see that it was complied with. We were therefore in error in holding that the Purchasers Statement formed a part of contract of purchase as completely as though it had been written into the mortgage. The express terms of the written contract contained in the mortgage relative to insurance imposed no affirmative duty on the mortgagee, and it contained the entire contract. And, being in error in our previously expressed view that the matters contained in the Purchasers Statement in response to the aforesaid Regulation must be taken as written into the contract, we must hold that by the terms of the contract appellant was under no duty to keep the automobile insured.

The motion for rehearing is accordingly granted, and the judgment of the trial court is here reversed, and judgment rendered that appellee take nothing by reason of his suit herein.

Motion for rehearing granted, former judgment set aside, and cause reversed and rendered.